IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**SURGIFIX, INC.**<br><br>　　　　DEBTOR | CASE NO. 15-05227<br><br>CHAPTER 7 |
| **NOREEN WISCOVITCH RENTAS<br>TRUSTEE OF THE CHAPTER 7<br>ESTATE OF<br>SURGIFIX, INC.**<br>　　　　Plaintiff<br><br>v.<br><br>**GRUPO HIMA-SAN PABLO, INC.**<br>　　　　Defendant | ADV. PROCEEDING: 19- 00372<br><br>TURNOVER OF PROPERTY OF THE<br>ESTATE PURSUANT TO §542<br>COLLECTION OF MONEY |

**ANSWER TO COMPLAINT**

**TO THE HONORABLE COURT:**

　　**COME NOW** *Grupo HIMA San Pablo, Inc.*, Defendant in the above captioned adversary case, through its undersigned attorney, and very respectfully states and prays as follows:

　　1.　Paragraph 1 is admitted.

　　2.　Paragraph 2 is admitted.

　　3.　Paragraph 3 is admitted.

　　4.　Paragraph 4 is admitted.

　　5.　Paragraph 5 is admitted.

　　6.　Paragraph 6 is admitted.

　　7.　Paragraph 7 is denied. Defendant did not purchase $93,046.44 in medical products and/or services rendered from Debtor and does not owe said sum to the Bankruptcy Estate.

　　8.　Paragraph 8 is denied. Defendant contests the amount claimed. Furthermore, any debt

owed to Surgifix is not payable on demand given that there is no debt as the underlying claim is time barred pursuant to Art. 1866 – 1867 of Puerto Rico's Civil Code (See 31 L.P.R.A. §§ 5296 - 5297)

9. Paragraph 9 is denied to the extent that Debtor sold Defendant medical and/or surgical equipment.

10. Paragraph 10 is denied as drafted. Debtor invoiced Defendants from products/services not purchased by Defendant.

11. Paragraph 11 is denied. On March 17, 2017, Defendant prepared a check for $3,610.20 (payable to the US Trustee) to pay for invoice no. 40934, 41007, 50110, 50519, and 50614. Furthermore, Invoice No. 40911 and 50338 were $418.00 and $610.40, respectively, in excess of the amount stipulated in Defendant's Purchase Order. Debtor's Invoice No. 40139 was for products and/or services not requested by Debtor. Lastly, $57,835.69 are unrecoverable due to the elapsing of the applicable statute of limitation; simply put, there is no debt. Said debt has not accrued interests. Defendant does not owe any costs, expenses, and disbursements, neither does it owe Plaintiffs attorney fees.

12. Paragraph 12 is denied. Debtor's invoice No. 31127, 50304 and 50426 ($259.00, $4,567.50, and $5,900, respectively) were for services and/or products not requested by Defendant. $19,530.15 are unrecoverable due to the elapsing of the applicable statute of limitation; thus, there is no debt.

13. Paragraph 13 is denied. Defendant does not owe anything to Debtor and/or Debtor's Bankruptcy Estate.

14. Paragraph 14 is denied.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted.

17. Paragraph 17 does not require a responsive pleading. To the extent that one is requested, paragraph 17 is denied.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted.

22. Paragraph 22 is denied for the reasons stated above.

23. Paragraph 23 is denied for the reasons stated above.

24. Paragraph 24 is admitted.

25. Paragraph 25 is denied. Pursuant to the applicable provisions of Puerto Rico Law, there is no claim.

26. Paragraph 26 is admitted to the extent that Plaintiff is reciting caselaw and other sources. To the extent that there is no "forward contract" between Debtor and Defendant, Paragraph 26 is denied.

27. Paragraph 27 is denied, as Plaintiff does not cite the source of the text quoted.

28. Paragraph 28 is denied to the extent that it is unclear who is being referred to as "Plaintiff." Pursuant to Puerto Rico Law, Debtor does not have standing to sue (and has lacked standing to sue since 2017). If "Plaintiff" refers to the Chapter 7 Trustee, Paragraph 28 is admitted.

29. Paragraph 29 does not require a responsive pleading. To the extent that one is requested, Paragraph 29 is denied.

30. Paragraph 30 is admitted.

31. Paragraph 31 is denied to the extent that the instant action is for collection on an alleged debt owed to Debtor; this adversary case is not a contractual dispute, nor arising from Art. 1802, or any other cause of action.

32. Paragraph 32 is admitted.

33. Paragraph 33 is denied as drafted. Defendant admits that obligations existed but does not know which are the "multiple obligations" paragraph 33 refers to. Presently, Defendant does not owe any obligation to Plaintiff, as none exist.

34. Paragraph 34 is denied as drafted given that the description of the "relation" is overly vague. Defendant submits that a mutually beneficial buyer-seller relationship existed years ago.

35. Paragraph 35 is denied for the reasons stated above.

36. Paragraph 36 is denied.

37. Paragraph 37 is admitted to the extent that, ordinarily, a claim for payment of money against any defendant that is liquid and enforceable is valid under Puerto Rico Law. To the extent that Plaintiff is referring to Defendant herein, Paragraph 37 is denied.

38. Paragraph 38 is a request for relief and does not require a responsive pleading from the appearing party. To the extent that an answer is requested, Paragraph 38 is denied.

## AFFIRMATIVE DEFENSES

39. Plaintiff fails to state a claim upon which relief can be granted.

40. Lack of subject-matter jurisdiction.

41. Defendants does not owe Debtor any monies and/or obligations.

42. The cause of action is barred by the applicable statute of limitations.

43. Plaintiff cannot collect any interest, as it is also barred by the applicable statute of limitation.

44. Plaintiff, as successor to Debtor, is estopped from collecting on debt that Debtor did not care to collect on a timely fashion.

45. Plaintiff, as successor to Debtor, does not come with clean hands (as Debtor did not conduct business in a responsible manner).

46. Debtor does not exist. Even as successor to Debtor under §544, the Trustee cannot assert the right of a corporation that lacks personhood. See *General Corporations Act*, 14 L.P.R.A. §3762.

47. This proceeding hinges on a number of state law claims such as whether the statute of limitation period for the collection of debt under the Laws of the Commonwealth has elapsed, and/or whether Debtor's complete lack of personhood and capacity to sue and be sued affects the Trustee's standing to pursue this claim. Given that the state law claims do not "stem [] from the bankruptcy itself or would necessarily be resolved in the claims allowance process," Defendant submits that the Honorable Court cannot issue a final determination in this adversary proceeding pursuant to 28 U.S.C. §157. See *Stern v. Marshall*, 564 U.S. 462 (2011).

48. Defendants herein reserve the right to any Affirmative Defenses and its response to the Complaint.

**WHEREFORE**, Defendant respectfully ask the Honorable Court to dismiss the above captioned adversary complaint and award Defendant herein with costs, expenses, and disbursements including, but not limited to attorney's fees, incurred.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff Counsel, Debtor, and the US Trustee.

**RESPECTFULLY SUBMITTED**

In Caguas, Puerto Rico, this 26th day of August 2019.

*s/José A. Morales Boscio, Esq.*
USDC 220614
jose.morales@himapr.com
PO Box 4980
Caguas, PR 00726
Tel. (787)653-3434