**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  15-05227 (BKT)** |
| **SURGIFIX, INC.** | **Chapter 7** |
| **Debtor** | |
| **NOREEN WISCOVITCH RENTAS, TRUSTEE OF THE CHAPTER 7 ESTATE OF SURGIFIX, INC.** | **Adv. No. 19-00372** |
| **Plaintiff** | |
| **v.** | |
| **GRUPO HIMA-SAN PABLO, INC.** | **FILED & ENTERED ON  05/ 04 / 2020** |
| **Defendant** | |

<u>**OPINION AND ORDER**</u>

Before the court is Defendant Grupo Hima-San Pablo, Inc.' ("Defendant") Motion for Entry of Summary Judgment Pursuant to Fed. R. Civ. Proc. R. 56 (Fed. Bankr. R. 7056).  The Plaintiff Norween Wiscovitch Rentas, Trustee of the Chapter 7 Estate of Surgifix, Inc. ("Plantiff") requested several extensions of time to file an opposition, February 19, 2020, March 5, 2020, March 13 and on March 16, 2020 [Dkt. Nos. 21, 30, 33 and 34].  However, no opposition has been filed up to this

1 | P a g e

date.  For the reasons set forth below, the Plaintiff's Motion Requesting Motion for Entry of Summary Judgment is GRANTED.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required.  Under Fed. R. Civ. P., Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P., Rule 7056, a summary judgment is available if he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

Federal Rule of Civil Procedure 56 does not embrace default judgment principles.[1]  Even when a motion for summary judgment is unopposed, the court is not relieved of its duty to decide

---

[1] Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.  It tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.  See generally B. Finberg, *Annotation, Necessity of Taking Proof as to Liability Against Defaulting Defendant*, 8 A.L.R.3d 1070 (1966). Other default provisions embrace that same philosophy.  See, e.g., Fed. R. Civ. P. 4(a) (failure to appear and defend in response to a summons "will result in a judgment by default against the defendant for the relief demanded in the complaint"); cf. Fed. R .Civ. P. 16(f) (failure to attend pretrial conference); Fed. R. Civ. P. 37(b)(2)(C) (failure to obey discovery orders).  Motions for summary judgment, however, lack these ancient common law roots.  See generally John A. Bauman, *The Evolution of the Summary Judgment Procedure: An Essay Commemorating the Centennial Anniversary of Keating's Act*, 31 Ind. L.J. 329 (1956). They are governed by Rule 56 under which the failure to respond to the motion does not alone discharge the burdens imposed on a moving party.  Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company, 373 F.3d 241 (2nd Cir.2004).

whether the movant is entitled to judgment as a matter of law.  Likewise, the court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact.  In an unopposed motion for summary judgment, the court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.  Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir.2006).[2] It is well-settled that "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir.1991).  Accordingly, we emphasize that "in considering a motion for summary judgment, [courts] must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir.1993).

After reviewing Defendant's arguments, and the relevant law, the court determines that there is no triable issue as to any material facts and that the moving party is entitled to judgment as a matter of law.  The court concludes after a review of the documents provided by Defendant that it has met its burden in terms of producing adequate affirmative evidence.  The Plaintiff failed to comply with the statute of limitation as per 11 U.S.C. §108.  The order for relief was entered on July

---

[2] Entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment.  Instead, "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir.1992). "Even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990); Fed. R .Civ. P. 56(e)); Pico Vidal v. Ruiz Alvarado, 377 B.R. 788 (D.P.R., 2007).

8, 2015. The two-year statute of limitation was due on July 8, 2017, and this complaint was filed on June 12, 2019.

THEREFORE, the instant complaint is dismissed with prejudice. The Clerk to enter Judgment.

SO ORDERED

San Juan, Puerto Rico, this 4th day of May 2020.

Brian K. Tester
U.S. Bankruptcy Judge